## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| **MICHAEL NEWCOMB and** | : | |
| **KATHY NEWCOMB,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **CIVIL ACTION FILE NO.:** |
| | : | **1:15-CV-00080-LJA** |
| | : | |
| **SPRING CREEK COOLER, INC.;** | : | |
| **SPRING CREEK PRODUCE, LLC;** | : | |
| **SF FARMS, INC.; SF EXPORTS,** | : | |
| **INC.; T & L FARMS, INC.;** | : | |
| **TERRIL SCOTT PROPERTIES,** | : | |
| **LLC; TERRIL SCOTT FARMS,** | : | |
| **LLC; WALDINE B. SCOTT** | : | |
| **FARMS, LLC; EDDIE T. SCOTT** | : | |
| **FARMS, LLC; T S EQUIPMENT** | : | |
| **LEASING, LLC; L & W FARMS,** | : | |
| **LP; TERRIL SCOTT; and** | : | |
| **JOHN DOE, Name Unknown,** | : | |
| **Address Unknown,** | : | |
| | : | |
| **Defendants.** | : | |

## ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF ALL DEFENDANTS, EXCEPT DEFENDANT JOHN DOE

COME NOW all Defendants in the above-styled action, except Defendant John Doe (hereinafter collectively "Defendants"), by and through counsel, and file this their Answer and Affirmative Defenses to Plaintiffs' Complaint and state:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs lack standing to bring this action against Defendants.

## THIRD DEFENSE

Plaintiffs lack capacity to bring this action against Defendant.

## FOURTH DEFENSE

Defendants are not the proper parties to the claims in this action and should, therefore, be dismissed from same.

## FIFTH DEFENSE

Plaintiffs' claims may be barred, in part or in their entirety, for failure to include an indispensable party.

## SIXTH DEFENSE

Plaintiffs' claims may be barred, in part or in their entirety, by the actions or inactions of individuals or entities other than Defendants.

## SEVENTH DEFENSE

Defendants are not liable to the Plaintiffs in any amount because the Plaintiffs' recovery in this matter is barred by the doctrine of comparative negligence.

## EIGHTH DEFENSE

Defendants are not liable to the Plaintiffs in any amount because any alleged negligence of Defendants, which negligence Defendants specifically deny, did not solely cause or contribute to the alleged injuries of Plaintiff Michael Newcomb.

## NINTH DEFENSE

Defendants deny that they breached any duty owed to Plaintiffs or that it is liable to Plaintiffs or indebted to them in any amount. Plaintiffs, therefore, cannot recover from Defendants.

## TENTH DEFENSE

Defendants are not liable to the Plaintiffs in any amount because Defendants were not negligent in any particular as alleged in Plaintiffs' Complaint or otherwise.

## ELEVENTH DEFENSE

The negligence of Plaintiff Michael Newcomb was equal to or greater than any alleged negligence of Defendants, which negligence Defendants specifically deny, thereby barring Plaintiffs' recovery in this matter.

## TWELFTH DEFENSE

Plaintiffs' Complaint is barred by the doctrine of Assumption of the Risk.

## THIRTEENTH DEFENSE

Defendants are not liable to the Plaintiffs in any amount because any alleged injuries and damages suffered by Plaintiffs are barred by the doctrine of failure to take last clear chance.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred by the Workers' Compensation Act's exclusive remedy provision.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in part or in their entirety, by the doctrine of injury by fellow servant.

## SIXTEENTH DEFENSE

Any alleged conduct of these Defendants was performed under the benefit of having been released from any potential liability for same by all parties.

## SEVENTEENTH DEFENSE

Any alleged conduct of these Defendants was performed under the benefit of there having been a waiver from any potential liability for same by all parties.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in part or in their entirety, by the doctrine of estoppel.

## NINETEENTH DEFENSE

Plaintiffs are barred by the theory of laches from bringing the instant Complaint.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in part or in their entirety, by the relevant statute of limitations.

## TWENTY-FIRST DEFENSE

Subject to the foregoing affirmative defenses, and without waiving any of the same, Defendants respond to the numbered paragraphs of Plaintiffs' Complaint as follows:

## **PARTIES AND JURISDICTION**

1.

Defendants admit the first grammatical sentence of paragraph 1 of Plaintiffs' Complaint.  Defendants specifically DENY that the amount in controversy exceeds $75,000.00.   Any further allegations, contentions or implications contained in paragraph 1 of Plaintiffs' Complaint are expressly DENIED.

2.

Defendants are without sufficient knowledge or information to form an opinion as to the truth or falsity to either admit or deny the allegations contained in paragraph 2 of Plaintiffs' Complaint. As a result, same are DENIED and strict proof is demanded thereof.

3.

Defendants ADMIT the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.

Defendants ADMIT the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.

Defendants ADMIT the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.

Defendants ADMIT the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendants ADMIT the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.

Defendants ADMIT the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.

Defendants ADMIT the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.

Defendants ADMIT the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.

Defendants ADMIT the allegations contained in paragraph 11 of Plaintiffs'
Complaint.

12.

Defendants ADMIT the allegations contained in paragraph 12 of Plaintiffs'
Complaint.

13.

Defendants ADMIT the allegations contained in paragraph 13 of Plaintiffs'
Complaint.

14.

Defendants ADMIT the allegations contained in paragraph 14 of Plaintiffs'
Complaint.

15.

Defendants are without sufficient knowledge or information to form an opinion
as to the truth or falsity to either admit or deny the allegations contained in paragraph
15 of Plaintiffs' Complaint. As a result, same are DENIED and strict proof is
demanded thereof.

16.

Defendants DENY the allegations contained in paragraph 16 of Plaintiffs'
Complaint.

## **BACKGROUND**

17.

Defendants incorporate by reference all responses to the allegations contained
in the preceding paragraphs 1 through 16 as if fully set out herein.

18.

Defendants DENY that Plaintiff Michael Newcomb was an invitee at the time and in the place where he alleges to have been injured.

19.

Defendants DENY the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.

Defendants DENY the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.

Defendants DENY the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.

Defendants DENY the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.

Defendants DENY the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.

Defendants DENY the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.

Defendants DENY as stated the allegations contained in paragraph 25 of Plaintiffs' Complaint.

## COUNT I

## NEGLIGENCE OF JOHN DOE

26.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 25 as if fully set out herein.

27.

Defendants DENY the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendants DENY the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.

Defendants DENY the allegations contained in paragraph 29 of Plaintiffs' Complaint.

## COUNT II

## NEGLIGENCE OF SPRING CREEK COOLER, INC.

30.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 29 as if fully set out herein.

31.

Defendants DENY that Plaintiff Michael Newcomb was an invitee at the time and in the place where he alleges to have been injured.

32.

Defendants DENY the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.

Defendants ADMIT that Defendant Spring Creek Cooler, Inc. employed a forklift driver or drivers. Any further allegation, contention or implication contained in paragraph 33 of Plaintiffs' Complaint is expressly DENIED.

34.

Defendants ADMIT that Defendant Spring Creek Cooler, Inc. employed a forklift driver or drivers. Any further allegation, contention or implication contained in paragraph 34 of Plaintiffs' Complaint is expressly DENIED.

35.

Defendants are without sufficient knowledge or information to form an opinion as to the truth or falsity to either admit or deny the allegations contained in paragraph 35 of Plaintiffs' Complaint. As a result, same are DENIED and strict proof is demanded thereof.

36.

Defendants are without sufficient knowledge or information to form an opinion as to the truth or falsity to either admit or deny the allegations contained in paragraph 36 of Plaintiffs' Complaint. As a result, same are DENIED and strict proof is demanded thereof.

37.

Defendants are without sufficient knowledge or information to form an opinion as to the truth or falsity to either admit or deny the allegations contained in paragraph 37 of Plaintiffs' Complaint. As a result, same are DENIED and strict proof is demanded thereof.

38.

Defendants are without sufficient knowledge or information to form an opinion

as to the truth or falsity to either admit or deny the allegations contained in paragraph 38 of Plaintiffs' Complaint. As a result, same are DENIED and strict proof is demanded thereof.

39.

Defendants DENY the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.

Defendants DENY the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.

Defendants DENY the allegations contained in paragraph 41 of Plaintiffs' Complaint.

**COUNT III**

**NEGLIGENCE OF SPRING CREEK PRODUCT, LLC**

42.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 41 as if fully set out herein.

43.

Defendants DENY the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.

Defendants DENY the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.

Defendants DENY the allegations contained in paragraph 45 of Plaintiffs'

Complaint.

46.

Defendants DENY the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.

Defendants DENY the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.

Defendants DENY the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.

Defendants DENY the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.

Defendants DENY the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.

Defendants DENY the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.

Defendants DENY the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.

Defendants DENY the allegations contained in paragraph 53 of Plaintiffs' Complaint.

## COUNT IV

## NEGLIGENCE OF SF FARMS, INC.

54.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 53 as if fully set out herein.

55.

Defendants DENY the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.

Defendants DENY the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.

Defendants DENY the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.

Defendants DENY the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.

Defendants DENY the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.

Defendants DENY the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.

Defendants DENY the allegations contained in paragraph 61 of Plaintiffs'

Complaint.

62.

Defendants DENY the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.

Defendants DENY the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.

Defendants DENY the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.

Defendants DENY the allegations contained in paragraph 65 of Plaintiffs' Complaint.

## COUNT V

## NEGLIGENCE OF SF EXPORTS, INC.

66.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 65 as if fully set out herein.

67.

Defendants DENY the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68.

Defendants DENY the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69.

Defendants DENY the allegations contained in paragraph 69 of Plaintiffs'
Complaint.

70.

Defendants DENY the allegations contained in paragraph 70 of Plaintiffs'
Complaint.

71.

Defendants DENY the allegations contained in paragraph 71 of Plaintiffs'
Complaint.

72.

Defendants DENY the allegations contained in paragraph 72 of Plaintiffs'
Complaint.

73.

Defendants DENY the allegations contained in paragraph 73 of Plaintiffs'
Complaint.

74.

Defendants DENY the allegations contained in paragraph 74 of Plaintiffs'
Complaint.

75.

Defendants DENY the allegations contained in paragraph 75 of Plaintiffs'
Complaint.

76.

Defendants DENY the allegations contained in paragraph 76 of Plaintiffs'
Complaint.

77.

Defendants DENY the allegations contained in paragraph 77 of Plaintiffs' Complaint.

## COUNT VI

## NEGLIGENCE OF T & L FARMS, INC.

78.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 77 as if fully set out herein.

79.

Defendants DENY the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.

Defendants DENY the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.

Defendants DENY the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.

Defendants DENY the allegations contained in paragraph 82 of Plaintiffs' Complaint.

83.

Defendants DENY the allegations contained in paragraph 83 of Plaintiffs' Complaint.

84.

Defendants DENY the allegations contained in paragraph 84 of Plaintiffs'

Complaint.

85.

Defendants DENY the allegations contained in paragraph 85 of Plaintiffs' Complaint.

86.

Defendants DENY the allegations contained in paragraph 86 of Plaintiffs' Complaint.

87.

Defendants DENY the allegations contained in paragraph 87 of Plaintiffs' Complaint.

88.

Defendants DENY the allegations contained in paragraph 88 of Plaintiffs' Complaint.

89.

Defendants DENY the allegations contained in paragraph 89 of Plaintiffs' Complaint.

## COUNT VII

## NEGLIGENCE OF TERRIL SCOTT PROPERTIES, LLC

90.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 89 as if fully set out herein.

91.

Defendants DENY the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92.

Defendants DENY the allegations contained in paragraph 92 of Plaintiffs'
Complaint.

93.

Defendants DENY the allegations contained in paragraph 93 of Plaintiffs'
Complaint.

94.

Defendants DENY the allegations contained in paragraph 94 of Plaintiffs'
Complaint.

95.

Defendants DENY the allegations contained in paragraph 95 of Plaintiffs'
Complaint.

96.

Defendants DENY the allegations contained in paragraph 96 of Plaintiffs'
Complaint.

97.

Defendants DENY the allegations contained in paragraph 97 of Plaintiffs'
Complaint.

98.

Defendants DENY the allegations contained in paragraph 98 of Plaintiffs'
Complaint.

99.

Defendants DENY the allegations contained in paragraph 99 of Plaintiffs' Complaint.

100.

Defendants DENY the allegations contained in paragraph 100 of Plaintiffs' Complaint.

101.

Defendants DENY the allegations contained in paragraph 101 of Plaintiffs' Complaint.

## COUNT VIII

## NEGLIGENCE OF TERRIL SCOTT FARMS, LLC

102.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 101 as if fully set out herein.

103.

Defendants DENY the allegations contained in paragraph 103 of Plaintiffs' Complaint.

104.

Defendants DENY the allegations contained in paragraph 104 of Plaintiffs' Complaint.

105.

Defendants DENY the allegations contained in paragraph 105 of Plaintiffs' Complaint.

106.

Defendants DENY the allegations contained in paragraph 106 of Plaintiffs' Complaint.

107.

Defendants DENY the allegations contained in paragraph 107 of Plaintiffs'

Complaint.

108.

Defendants DENY the allegations contained in paragraph 108 of Plaintiffs' Complaint.

109.

Defendants DENY the allegations contained in paragraph 109 of Plaintiffs' Complaint.

110.

Defendants DENY the allegations contained in paragraph 110 of Plaintiffs' Complaint.

111.

Defendants DENY the allegations contained in paragraph 111 of Plaintiffs' Complaint.

112.

Defendants DENY the allegations contained in paragraph 112 of Plaintiffs' Complaint.

113.

Defendants DENY the allegations contained in paragraph 113 of Plaintiffs' Complaint.

## COUNT IX

## NEGLIGENCE OF WALDINE B. SCOTT FARMS, LLC

114.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 113 as if fully set out herein.

115.

Defendants DENY the allegations contained in paragraph 115 of Plaintiffs' Complaint.

116.

Defendants DENY the allegations contained in paragraph 116 of Plaintiffs' Complaint.

117.

Defendants DENY the allegations contained in paragraph 117 of Plaintiffs' Complaint.

118.

Defendants DENY the allegations contained in paragraph 118 of Plaintiffs' Complaint.

119.

Defendants DENY the allegations contained in paragraph 119 of Plaintiffs' Complaint.

120.

Defendants DENY the allegations contained in paragraph 120 of Plaintiffs' Complaint.

121.

Defendants DENY the allegations contained in paragraph 121 of Plaintiffs' Complaint.

122.

Defendants DENY the allegations contained in paragraph 122 of Plaintiffs' Complaint.

123.

Defendants DENY the allegations contained in paragraph 123 of Plaintiffs' Complaint.

124.

Defendants DENY the allegations contained in paragraph 124 of Plaintiffs' Complaint.

125.

Defendants DENY the allegations contained in paragraph 125 of Plaintiffs' Complaint.

## COUNT X

## NEGLIGENCE OF EDDIE T. SCOTT FARMS, LLC

126.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 125 as if fully set out herein.

127.

Defendants DENY the allegations contained in paragraph 127 of Plaintiffs' Complaint.

128.

Defendants DENY the allegations contained in paragraph 128 of Plaintiffs' Complaint.

129.

Defendants DENY the allegations contained in paragraph 129 of Plaintiffs' Complaint.

130.

Defendants DENY the allegations contained in paragraph 130 of Plaintiffs'

Complaint.

131.

Defendants DENY the allegations contained in paragraph 131 of Plaintiffs' Complaint.

132.

Defendants DENY the allegations contained in paragraph 132 of Plaintiffs' Complaint.

133.

Defendants DENY the allegations contained in paragraph 133 of Plaintiffs' Complaint.

134.

Defendants DENY the allegations contained in paragraph 134 of Plaintiffs' Complaint.

135.

Defendants DENY the allegations contained in paragraph 135 of Plaintiffs' Complaint.

136.

Defendants DENY the allegations contained in paragraph 136 of Plaintiffs' Complaint.

137.

Defendants DENY the allegations contained in paragraph 137 of Plaintiffs' Complaint.

## COUNT XI

## NEGLIGENCE OF T S EQUIPMENT LEASING, LLC

138.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 137 as if fully set out herein.

139.

Defendants DENY the allegations contained in paragraph 139 of Plaintiffs' Complaint.

140.

Defendants DENY the allegations contained in paragraph 140 of Plaintiffs' Complaint.

141.

Defendants DENY the allegations contained in paragraph 141 of Plaintiffs' Complaint.

142.

Defendants DENY the allegations contained in paragraph 142 of Plaintiffs' Complaint.

143.

Defendants DENY the allegations contained in paragraph 143 of Plaintiffs' Complaint.

144.

Defendants DENY the allegations contained in paragraph 144 of Plaintiffs' Complaint.

145.

Defendants DENY the allegations contained in paragraph 145 of Plaintiffs'

Complaint.

146.

Defendants DENY the allegations contained in paragraph 146 of Plaintiffs' Complaint.

147.

Defendants DENY the allegations contained in paragraph 147 of Plaintiffs' Complaint.

148.

Defendants DENY the allegations contained in paragraph 148 of Plaintiffs' Complaint.

149.

Defendants DENY the allegations contained in paragraph 149 of Plaintiffs' Complaint.

## <u>COUNT XII</u>

## <u>NEGLIGENCE OF L & W FARMS, LP</u>

150.

Defendants incorporate by reference all responses to the allegations contained in the preceding paragraphs 1 through 149 as if fully set out herein.

151.

Defendants DENY the allegations contained in paragraph 151 of Plaintiffs' Complaint.

152.

Defendants DENY the allegations contained in paragraph 152 of Plaintiffs' Complaint.

153.

Defendants DENY the allegations contained in paragraph 153 of Plaintiffs' Complaint.

154.

Defendants DENY the allegations contained in paragraph 154 of Plaintiffs' Complaint.

155.

Defendants DENY the allegations contained in paragraph 155 of Plaintiffs' Complaint.

156.

Defendants DENY the allegations contained in paragraph 156 of Plaintiffs' Complaint.

157.

Defendants DENY the allegations contained in paragraph 157 of Plaintiffs' Complaint.

158.

Defendants DENY the allegations contained in paragraph 158 of Plaintiffs' Complaint.

159.

Defendants DENY the allegations contained in paragraph 159 of Plaintiffs' Complaint.

160.

Defendants DENY the allegations contained in paragraph 160 of Plaintiffs' Complaint.

161.

Defendants DENY the allegations contained in paragraph 161 of Plaintiffs'
Complaint.

## COUNT XIII

## NEGLIGENCE OF TERRIL SCOTT

162.

Defendants incorporate by reference all responses to the allegations contained
in the preceding paragraphs 1 through 161 as if fully set out herein.

163.

Defendants DENY the allegations contained in paragraph 163 of Plaintiffs'
Complaint.

164.

Defendants DENY the allegations contained in paragraph 164 of Plaintiffs'
Complaint.

165.

Defendants DENY the allegations contained in paragraph 165 of Plaintiffs'
Complaint.

166.

Defendants DENY the allegations contained in paragraph 166 of Plaintiffs'
Complaint.

167.

Defendants DENY the allegations contained in paragraph 167 of Plaintiffs'
Complaint.

168.

Defendants DENY the allegations contained in paragraph 168 of Plaintiffs'

Complaint.

169.

Defendants DENY the allegations contained in paragraph 169 of Plaintiffs'
Complaint.

170.

Defendants DENY the allegations contained in paragraph 170 of Plaintiffs'
Complaint.

171.

Defendants DENY the allegations contained in paragraph 171 of Plaintiffs'
Complaint.

172.

Defendants DENY the allegations contained in paragraph 172 of Plaintiffs'
Complaint.

173.

Defendants DENY the allegations contained in paragraph 173 of Plaintiffs'
Complaint.

174.

Any paragraph, contention or allegation contained in Plaintiffs' Complaint not
heretofore expressly admitted is hereby DENIED and strict proof demanded thereof.

WHEREFORE, this Defendants pray:

(a)    that Plaintiffs' Complaint be dismissed for want of jurisdiction;

(b)    that judgment be had in Defendants' favor;

(c)    that Plaintiffs' Complaint be dismissed with prejudice;

(d)    that all costs be cast upon Plaintiffs; and

(e)    that Defendants receive such other and further relief as this Court deems

just, equitable, and proper.

      DATED:  This 15th day of June, 2015.

                        GARDNER WILLIS SWEAT & HANDELMAN
                        Attorneys for Defendants, Except Defendant John Doe


                        BY:   /s/ Mark L. Pickett _____
                              MARK PICKETT
                              Georgia Bar No. 067524


PREPARED BY:


/s/ Mark L. Pickett _____
MARK L. PICKETT
Gardner, Willis, Sweat & Handelman
2408 Westgate Drive
P.O. Drawer 71788
Albany, GA  31708-1788
(229) 883-2441
mark.pickett@gwsh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF ALL DEFENDANTS, EXCEPT DEFENDANT JOHN DOE**, via the Court's CM/ECF system and by depositing same in the United States Mail with sufficient postage affixed thereon to assure delivery, addressed as follows:

J. Jeffrey Helms, Esq.
James E. Douglas, Jr., Esq.
P. O. Box 537
Homerville, Georgia 31634
jeffhelms@helmslaw.com
jed@helmslaw.com

Attorneys for Plaintiffs

DATED:  This 15th day of June, 2015.

GARDNER WILLIS SWEAT & HANDELMAN
Attorneys for Defendants, Except Defendant John Doe


BY:   /s/ Mark L. Pickett
        MARK PICKETT

25-141-2015-01/7042-13